—————o—————

5599.

(Court of Appeal, Parish of Orleans.)

## CORN PRODUCTS REFINING COMPANY vs. MILLER-ELMER MANUFACTURING CO.

1. Under Art. 176 of 1894, it is illegal for corporations, firms or individuals to issue any evidence of indebtedness based upon any control of the exclusive trade of the party to the contract.
2. Courts, in aid of public policy and the law will notice irrespective of the pleadings that the controversy grows out of illegal purposes, and, if that illegality be manifested by the record, Courts will notice it without plea, leave the parties where they stand and dismiss the suit. Contentions originating in unlawful purposes are not to be brought into Courts of Justice.

Appeal from the Civil District Court, Division "A."

Saunders, Dufour & Dufour & Janvier, for plaintiff and appellant.

Sol. Wolff, for defendant and appellee.

DUFOUR, J.—The plaintiff has appealed from a judgment sustaining an exception of no cause of action to its petition.

According to the original and supplemental petition filed, the plaintiff, a corporation of New Jersey, engaged in the manufacture and sale of glucose, in order to stimulate trade mailed on December 11th, 1909, to the

defendant and its other customers a circular reading as follows:

> "We beg to inform you that this company will pay to you on December 31st, 1910, 5 cents per 100 pounds on the total amount of Corn Sugar and Unmixed Corn Syrup which we have invoiced to you during the year 1909, on condition that you, and your successors, shall have purchased exclusively from this company, or its successors, all the Corn Syrup and Unmixed Corn Syrup required by you, or your successors, during the year 1910, and shall have complied with all the terms and conditions of sale, and shall have paid in full all the invoices covering the same.

> "Please send us as soon after January 1st, as convenient, a full detailed statement showing date of invoice, our order number, number of package, and number of net pounds covering all shipments made to you during 1910.

> "Respectfully yours,
> "Corn Producers Refining Company."

In February 1910 the defendant bought from the plaintiff glucose to the amount of $944.55 and later forwarded to plaintiff a check for $657.82, an amount reached by deducting from the total amount due the allowance on shipments made during 1909 and 1910 under the terms of the circular.

The defendant further notified the plaintiff that it intended to contest the claim for the balance, for which the instant suit has been brought.

The defendant's contention is that the transaction forming the basis of the claim was in violation of law and hence could not give rise to a legal obligation judicially enforcible.

.Act 176 of 1894 makes it illegal to issue rebate certificates or any evidence of indebtedness for the purpose of controlling the subsequent business of the purchaser, and making such evidence of indebtedness binding only in the event that the beneficiary should make all purchases from the firm, corporation or individual issuing the same.

· The last section of the act adds to the stringency of the law by denying to the offending seller the right to urge as a defense that the certificate or evidence of indebtedness is based on the exclusive trade of the party to the contract.

There is no doubt that the transaction whatever may be the form under which it is presented, is in substance in the teeth of a prohibitory law and hence is not susceptible of being judicially enforced.

The circular and invoice are an evidence of indebtedness within the meaning of the law and show that the intended rebate was based on the securing and controlling of the exclusive trade of the party to the contract.

In **Madere vs. Succ. of Ory, 5 Ct. of App., 192,** this Court in discussing a similar question said:

"Courts, in aid of public policy and the law, will notice irrespective of the pleadings that the controversy submitted for adjudication grows out of illegal purposes, and if that illegality be manifested by the record, Courts will notice it without plea, leave the parties where they stand and dismiss the suit. Continuous originating in unlawful purposes are not to be brought into Courts of justice."

See, also, **47 An .826.**

This view is decisive of the present case.

Judgment affirmed.